IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY WAITE,

                *Plaintiff*,

vs.

                                            Case No. 5:23-cv-04058-EFM-TJJ

HILL'S PET NUTRITION, INC.,

                *Defendant*.

**MEMORANDUM AND ORDER**

Before the Court is Defendant Hill's Pet Nutrition, Inc.'s Partial Motion to Dismiss Count III of Plaintiff Danny Waite's Complaint (Doc. 7). Count III alleges a claim for retaliatory discharge in violation of public policy. Plaintiff opposes dismissal and, in the alternative, submits a Motion for Leave to Amend Count III (Doc. 15) along with a proposed amended complaint. Even with the proposed amendments, Plaintiff's alleged facts still fall short of stating a claim for retaliatory discharge under Kansas law. Thus, the Court grants Defendant's Motion to Dismiss with prejudice and denies Plaintiff's Motion for Leave to Amend.

        **I.**        **Factual and Procedural Background**[1]

Defendant is a pet food manufacturer. For years, Plaintiff worked for Defendant as a Customer Development Manager. On November 10, 2022, Defendant fired Plaintiff. On June 1,

---

[1] The facts are taken from Plaintiff's Complaint. Where noted, the Court also states the facts contained with Plaintiff's proposed amended complaint.

2023, Plaintiff filed his case in state court, alleging three causes of action stemming from his termination: (1) violation of the Age Discrimination in Employment Act; (2) violation of the Americans with Disabilities Act; and (3) retaliatory discharge in violation of Kansas public policy.

On July 17, 2023, Defendant removed the case to federal court. Seven days later, Defendant moved to dismiss Plaintiff's third Count—retaliatory discharge. On August 21, 2023, Plaintiff filed both a response to Defendant's Motion and his own Motion for Leave to Amend his Complaint. Along with his Motion, Plaintiff submitted a proposed amended complaint. In its Reply and in response to Plaintiff's Motion, Defendant argues that the proposed amended complaint does not address the deficiencies noted by Defendant's initial Motion. The Court will now separately state the facts relevant to Count III as alleged by Plaintiff's Complaint and proposed amended complaint.

**A.     Facts relevant to Count III as alleged in the Complaint**

In 2022, Defendant senior management directed Plaintiff to "participate in a prioritization scheme in which certain customers of defendant were to be made subject to falsehoods concerning their relative level of product prioritization." Due to industry shortages caused by the COVID-19 crisis, Plaintiff claims product prioritization was highly relevant to Defendant. Plaintiff repeatedly objected to Defendant's senior management that this scheme involved misrepresenting to customers their orders' priority. Plaintiff claims misrepresenting clients' delivery priority violated K.S.A. § 21-6503 of the Kansas Consumer Protection Act ("KCPA"), which prohibits "the knowing act, use or employment by any person of any deception, fraud, false pretense, false promise, or misrepresentation of a material fact, with the intent that others shall rely thereon in

connection with the sale of any merchandise."[2]  However, it is unclear from the Complaint whether he ever actually made such misrepresentations as directed.  Plaintiff claims that his discharge in November 2022 was in retaliation for voicing his concerns to senior management.

**B.      Facts relevant to Count III as alleged in the proposed amended complaint**

Plaintiff incorporates the above facts in his proposed amended complaint while adding a few more details.  Specifically, Plaintiff elaborates that the "misrepresentations" involved telling clients that they would receive their ordered products sooner than Defendant intended.  Not only was Plaintiff ordered to make these misrepresentations, but Defendant directed its sales staff to do so as well.  Plaintiff clarifies that product priority was also important to Defendant customers.

He further states that he voiced his concerns with misrepresenting delivery priorities to his direct supervisor—and Defendant's president—Nicki Baty.  In fact, Plaintiff designates Baty as Defendant's "the ultimate authority" within Defendant and a member of Defendant's management.  However, Plaintiff does not identity who told him to mispresent the orders' priority status to clients besides the unnamed "senior management."  And once again, Plaintiff does not allege that any misrepresentations were actually made to clients.

## II.      Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible

---

[2] K.S.A. § 21-6503(a).

[3] Fed. R. Civ. P. 12(b)(6).

on its face.'"[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9]

In the Tenth Circuit, dismissal pursuant to Rule 12(b)(6) is usually without prejudice.[10]  Dismissal with prejudice, however, is appropriate where the movant can show that "any potential amendment would be futile."[11]

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] *See Clark v. 10 Roads Express, LLC*, 2023 WL 2868168, at *3 (D. Kan. 2023) (citing *Abu-Nantambu-El v. Oliva*, 282 F. App'x 658, 663–64 (10th Cir. 2008); *Chase v. Conner*, 107 F. App'x 827, 828 (10th Cir. 2004)).

[11] *Webster v. Durbin*, 2022 WL 473997, at * (D. Kan. 2022)

### III.     Analysis

Plaintiff's Count III asserts a claim for retaliatory discharge in violation of Kansas public policy.  Under Kansas law, the employment-at-will doctrine generally governs the employer-employee relationship in the absence of a contractual agreement.[12]  This doctrine "allows employers to terminate employees for good cause, for no cause, or even for the wrong cause."  [13]A recognized exception, however, is "the claim of retaliatory discharge for whistleblowing."[14]  To state a claim for retaliatory discharge under Kansas law, a plaintiff must allege:

> (1) a reasonably prudent person would have concluded that the employer or a coworker was engaged in activities that violated rules, regulations, or the law pertaining to public health and safety and the general welfare; (2) the employer had knowledge that the employee reported the violation prior to his or her discharge; and (3) the employee was discharged in retaliation for making the report.[15]

Here, Defendant asserts three reasons why the Court should dismiss Plaintiff's Count III: (1) Plaintiff fails to allege that a violation of the KCPA actually occurred; (2) Plainitff fails to allege that he complained about the priority misrepresentation to a higher authority either within or outside the company; and (3) K.S.A. § 21-6503 is too ambiguous as to the facts of this case to support a retaliatory discharge claim under Kansas law.  Finding the second reason sufficient to dismiss Plaintiff's claim with prejudice, the Court will not address the other two.

Kansas courts have interpreted the second element of retaliatory discharge claims to require that "the whistleblower must seek to stop unlawful conduct through the intervention of a higher

---

[12] *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685, 687 (1988).

[13] *Goodman v. Wesley Med. Ctr., LLC*, 276 Kan. 586, 78 P.3d 817, 821 (2003).

[14] *Mattice v. City of Stafford*, 494 P.3d 887 (table), 2021 WL 4227730, at *6 (Kan. Ct. App. 2021) (citing *Connelly v. Kan. Highway Patrol*, 271 Kan. 944, 26 P.3d 1246, 1263 (2001); Palmer v. Brown, 242 Kan. 893,752 P.2d 685, 689–90 (1988)).

[15] *Shaw v. Sw. Kan. Groundwater Mgmt. Dist. Three*, 42 Kan. App. 2d 994, 219 P.3d 857, 862 (2009).

authority, either inside or outside the company."[16]  Thus, an employee must either complain "to a management entity higher than the wrongdoer" or "law enforcement officials."[17]

Plaintiff's original Complaint states only that Plaintiff complained of the allegedly deceptive practice to the same persons who directed him to make misrepresentations to customers—Defendant's senior management.  Therefore, Plaintiff does not allege that he reported the unlawful conduct to a higher authority either within Defendant or outside of it.  Thus, the Court grants Defendant's Motion to Dismiss.

Usually, such dismissal would be without prejudice.  But Defendant asks for dismissal with prejudice, arguing that giving Plaintiff leave to amend Count III is futile.  Here, Plaintiff has already submitted his proposed amended Count III, allowing the Court to readily determine whether amending would be futile.

Like in his initial Complaint, Plaintiff states that "senior management" directed him to make misrepresentations to Defendant's customers without specifying to whom that term refers.  Plaintiff also states that Nicki Baty is his direct supervisor, Defendant's president, and a member of Defendant's management.  To be sure, the Court must draw all inferences in Plaintiff's favor, but only so far as those inferences are reasonable.  The only reasonable inference available is that "senior management" refers to Baty.  By alleging that Baty is simultaneously Defendant's highest authority *and* Plaintiff's direct supervisor, Plaintiff eliminates the possibility that other supervisors under Baty yet over Plaintiff directed him to misrepresent delivery priority to Defendant's

---

[16] *Id.* at 863.

[17] *Lykins v. CertainTeed Corp.*, 2012 WL 5471254, at *7 (D. Kan. 2012), *aff'd*, 555 F. App'x 791 (10th Cir. 2014) (further citations and quotations omitted).

customers. Thus, Plaintiff cannot plausibly state that he complained to a management entity higher than the alleged wrongdoer. Likewise, Plaintiff does not allege that he complained of the deceptive practices to law enforcement or anyone outside Defendant's corporate structure.

Accordingly, Plaintiff fails to state a valid claim for retaliatory discharge under Kansas law in his proposed amended complaint. Based on Plaintiff's own proposed amendment, the Court concludes that granting leave to amend Count III is futile. Plaintiff's Motion for Leave to Amend, therefore, is denied, and Defendant's Partial Motion to Dismiss is granted with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Count III (Doc. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE